UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA WENGER,

    Plaintiff,

v.

KEVIN SHANKLE,

    Defendant.

Case No. 25-1099-JWB-BGS

### MEMORANDUM AND ORDER GRANTING MOTION TO STAY

This matter comes before the Court on Defendant Kevin Shankle's "Motion to Stay Discovery and Related Rule 26 Proceedings." (Doc. 12.) By way of this motion, Defendant asks the Court to stay all discovery until the District Judge rules on his pending motion to dismiss. Plaintiff Tamara Wenger has not responded to the motion and the time to do so has expired. *See* D. Kan. Rules 6.1, 7.1. The Court could grant the motion as unopposed. D. Kan. Rule 7.1(c) (stating that "[i]f a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion."). The Court will, however, also provide substantive guidance relating to this decision, which **GRANTS** Defendant's request to stay discovery and related proceedings.

**I.    Background.**

On May 15, 2025, Plaintiff filed a *pro se* Complaint relating to a letter Defendant sent addressed "To the Parents of: [W.R.W.]," which informed the minor W.R.W.'s parents that a warrant for W.R.W.'s arrest had been issued by the Saline County District Court and entered into the National Crime Information Center. The Letter directed the recipients to contact the Saline County Attorney's Office and/or hire an attorney to assist, and then set forth the potential results of having an active arrest warrant.

In her *pro se* Complaint, Plaintiff indicates she is W.R.W.'s mother. She alleges no actions or

1

omissions by Defendant beyond sending the letter at issue. Plaintiff contends that sending the letter gave rise to 14 causes of action against Defendant ranging from negligence to treason. (*See* Doc. 1, at 5-7.)

Defendant filed his motion to dismiss on July 14, 2025. (Doc. 11.) Therein, he argues that the Complaint should be dismissed because

> (I) many of the purported causes of action outlined by Plaintiff cannot be made as civil claims or do not exist, and the facts alleged in the Complaint do not support the remaining claims, (II) Deputy Shankle is entitled to qualified immunity on any constitutional claims raised by Plaintiff, and (III) the tort claims brought by Plaintiff are barred under the Kansas Tort Claims Act.

(*Id.*, at 2, 5.) That same day, Defendant filed the current motion to stay discovery pending the District Court's ruling on his dispositive motion. (Doc. 12.)

## II.    Legal Standard.

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 1636, 1650, 166 81 L.Ed. 153 (1936). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Id.*, at 255. Additionally, the court may stay discovery upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). *See also Cont'l Ill. Nat. Bank & Tr. Co. of Chicago v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990). Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

Generally, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion. *Tomes v. LoanCare, LLC*, No. 222CV02421JWBKGG, 2023 WL 2784844, at *1 (D. Kan. Apr. 5, 2023). However, there are recognized exceptions to that policy. A stay is appropriate if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on

all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *KetoNatural Pet Foods, Inc. v. Hill's Pet Nutrition, Inc.*, No. 24-CV-2046-KHV-ADM, 2024 WL 4274891, at *2 (D. Kan. Sept. 24, 2024).  If one of these circumstances is present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).  *See also Watson v. Unified Sch. Dist. No. 500*, No. 19-1044-EFM-JPO, 2019 WL 2174132, at *1 (D. Kan. May 20, 2019).  "The proponent of a stay bears the burden of establishing its need." *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016) ("A party seeking a stay of discovery has the burden to clearly show a compelling reason for the issuance of a stay").

**III.   Analysis.**

In part, Defendant asserts that the case should be stayed pending a ruling on his motion to dismiss because he raised qualified immunity as a defense.  Qualified immunity is a broad protection that gives government officials a right not only to avoid standing trial, but to also avoid the burden of pretrial matters such as discovery. *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001).  Immunity is a threshold issue that allows courts to "weed out" suits before requiring the defendant to expend considerable time and resources to defend the suit. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991).  A defendant is therefore generally entitled to have questions of qualified immunity resolved before being required to engage in discovery. *Arnold v. City of Olathe, Kansas*, No. 18-2703-CM, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019).

The Court finds a stay of discovery appropriate.  In this instance, it is necessary to allow the District Judge to resolve those threshold immunity issues before requiring Defendant to participate in discovery. *Clay v. Hydro*, No. 19-3245-DDC-ADM, 2020 WL 3429461, at *2 (D. Kan. June 23, 2020) (finding that a stay is appropriate when immunity issues are raised in dispositive motions).  Moreover, discovery into the issue of immunity is not necessary to counter the arguments raised in

3

the motions to dismiss.  *Arnold*, 2019 WL 2438677, at *3.  Because the Court finds that the qualified immunity defense is a sufficient basis to stay the case, it need not address the other potential reasons to stay the case.  Accordingly, the Court will stay discovery and all related Rule 26 proceedings until the District Judge rules on the motions to dismiss.  *McCoy v. Burris*, No. 18-3077-DDC-GEB, 2020 WL 1819882, at *2 (D. Kan. Apr. 10, 2020) (reaching same conclusion).

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (Doc. 12) is **GRANTED**.  Discovery and the related Rule 26 proceedings, including the obligation to provide initial disclosures, submit a proposed scheduling order, and attend a scheduling conference, are stayed until the District Judge rules on the Defendant's motions to dismiss.

**IT IS SO ORDERED.**

Dated July 29, 2025, at Wichita, Kansas.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge