IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA WENGER,

        Plaintiff,

v.                                                        Case No. 25-cv-1099-JWB

KEVIN SHANKLE,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss. (Doc. 11.) Plaintiff has filed no response to the motion and the time for doing so has passed, making the motion ripe for decision.[1] The motion is granted for the reasons stated herein.

**I.**     **Facts**

The following facts are taken from Plaintiff's complaint and assumed true for purposes of the motion.[2] (Doc. 1.) On April 14, 2025, Defendant Shankle wrote a letter to Plaintiff which was sent through the United States Postal Service. (*Id*.) This letter, included as Exhibit A to Defendant's motion to dismiss, is written to the parents of W.R.W. informing them that a warrant for W.R.W.'s arrest had been issued by the Saline County District Court.[3] Although Plaintiff

---

[1] Plaintiff filed a "Motion for Trial Date" (Doc. 13), in which she indirectly responds to Defendant's motion to dismiss by saying that the motion "is based on authorities that are inapplicable to suits at common law." (Doc. 13 at 1.) Although this filing references Defendant's motion, it is not a proper response. Defendant did not file a reply to the "Motion for Trial Date," and the court denied the motion on July 15, 2025. (Doc. 14.)

[2] In his motion to dismiss, Defendant Shankle recognizes that the allegations in Plaintiff's Complaint will be accepted as true for purposes of the motion to dismiss. However, Defendant "disputes Plaintiff's characterization of the facts and reserves the right to challenge the same in future proceedings." (Doc. 11 at 2 n.3.)

[3] Consideration of the letter submitted by Defendant with his motion does not convert the motion to dismiss into a motion for summary judgement because this letter is central to the Plaintiff's claim, it is referenced extensively within Plaintiff's complaint, and there is no question as to its authenticity. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

received the letter, she contends that it was sent to an improper address, since she no longer resided at the location to which it was sent. Plaintiff alleges that the letter sent by Defendant Shankle threatened her child, her property, and Plaintiff "with human trafficking and kidnapping . . . if I did not respond within 10 days." (Doc. 1 at 4.) Plaintiff also alleges that private information was illegally placed on the "National Criminal Information Center." (*Id.*)

On May 14, Plaintiff filed the present action alleging numerous counts against Officer Shankle such as abuse of authority, negligence, mail fraud, defamation, treason, human trafficking, and crimes against humanity. (Doc. 1.) In her relief sought, she asks the court to "vacate all warrants and charges against [her] child/inherent property" along with a request for $5,000,000 in damages. (*Id.*) Defendant moves to dismiss on the basis that many of Plaintiff's claims fail to plead proper causes of action, and that the facts pled in the complaint do not meet the required elements of the claims which are properly pled. (Doc. 11.)

**II.    Standard**

To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins*, 519 F.3d at 1247. At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Because Plaintiff is proceeding pro se, the court is to liberally construe his filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.     Analysis**

As an initial matter, Plaintiff raises 14 claims in her complaint;[4] however, several of Plaintiff's claims do not contain private causes of action in the underlying statutes. Specifically, Plaintiff's claims for deprivation of rights under the color of law (18 U.S.C. § 242), conspiracy to commit deprivation of rights (18 U.S.C. § 241), mail fraud (18 U.S.C. § 1341), and treason are based on federal criminal statutes.

"As a general matter, federal criminal statutes that do not provide for a private right of action are not enforceable through a civil action."[5] *Serna v. Webster*, No. 23-2091, 2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023) (citation omitted). First, regarding Plaintiff's claims for deprivation of rights under the color of law and conspiracy to commit deprivation of rights, the Tenth Circuit has held numerous times that district courts can properly dismiss claims under 18 U.S.C. §§ 241 and 242 for lack of a private cause of action. *See, e.g.*, *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984) (affirming a district court's dismissal of claims alleging violations of 18 U.S.C. §§ 241 and 242 because "a plaintiff cannot recover civil damages for an alleged violation of a criminal statute."); *Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 273 (10th Cir. 2002) (same). Second, regarding Plaintiff's claim for mail fraud, the Tenth Circuit has found that 18

---

[4] Plaintiff's 14 claims include: breach of duty of care, breach of sworn oath, abuse of authority, gross negligence, deprivation of rights under the color of law, conspiracy to commit deprivation of rights, failure to uphold the law, mail fraud, misrepresentation, unlawful adjudication, defamation of character, treason, human trafficking, and crimes against humanity.

[5] Plaintiff contests that her suit is at "common law" and that the use of the civil form of action governed by the Federal Rules of Civil Procedure is improper. (Doc. 1 at 1.) She constantly cites to the United States Supreme Court Case *SEC v. Jarkesy*, 603 U.S. 109 (2024), for the principle that she is entitled to a jury trial regardless of the Federal Rules of Civil Procedure. However, Plaintiff misconstrues the holding of this case. *SEC v. Jarkesy* addressed the question of whether the government can recover civil penalties for fraud under the Securities Exchange Act and the Investment Advisers Act without a jury trial. This is not the situation in which Plaintiff finds herself. The term "common law" in the 7th Amendment relates to civil cases which could not otherwise be brought under equity, and admiralty, and maritime jurisprudence. *Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. (3 Pet.) 433, 446 (1830). Today, there is only one form of non-criminal action in Federal courts, and it is the civil action governed by the Federal Rules of Civil procedure. Fed. R. Civ. P. 1, 2. Thus, Plaintiff does not have an independent "common law" right to avoid the civil form of action in Federal court.

3

U.S.C. § 1341 does not provide a private cause of action. *See, e.g.*, *Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9, 2024) ("18 U.S.C. § 1341 is the federal statute criminalizing mail fraud and, as the district court correctly concluded, may not be enforced in a civil action by a private party."). Third, regarding Plaintiff's claim for treason, prosecution of the crime of treason may only be brought as authorized by Congress under the United States Constitution. *Cramer v. United States*, 325 U.S. 1, 22 (1945). Thus, there is no private cause of action for treason. *Wedel v. Centera Bank*, No. 10-cv-1069-CM, 2010 WL 2949973, at *5 (D. Kan. July 22, 2010). Therefore, Defendant's motion to dismiss is granted as to these four claims. Nevertheless, the court must liberally construe the remaining 10 claims, and as such, the court will move to evaluating these claims on the merits.

### A) Negligence Claim

Plaintiff alleges two counts related to negligence; namely, "Gross Negligence" and "Breach of Duty of Care." (Doc. 1 at 5.) Given that breach of duty is an element of negligence, the court will construe the "Breach of Duty of Care" claim as one for ordinary negligence, and the assertion of gross negligence as an attempt to establish a right to punitive damages under Kansas law. *See, e.g.*, *Wooderson v. Ortho Pharm. Corp.*, 235 Kan. 387, 415, 681 P.2d 1038, 1061 (1984) ("Punitive damages are permitted whenever the elements of fraud, malice, gross negligence, or oppression mingle in the controversy.") (citation omitted). *But cf. Danaher v. Wild Oats Markets, Inc.*, 779 F. Supp. 2d 1198, 1213 (D. Kan. 2011) ("Kansas does not recognize a separate claim for "gross negligence." . . . Instead, Kansas draws a distinction between ordinary negligence and wanton conduct.") (citation omitted).

To bring a claim for negligence against a defendant (including a governmental agent), Plaintiff must establish: (1) the defendant owed a duty to the plaintiff; (2) the duty was breached;

4

(3) the breach was the proximate cause of the plaintiff's injury; and (4) the plaintiff sustained damages. *Adams v. Bd. of Sedgwick Cnty. Comm'rs*, 289 Kan. 577, 585–86, 214 P.3d 1173, 1179 (2009). However, Plaintiff fails to plead any facts in her complaint which would show that Defendant Shankle breached any duty by sending her a letter, show how this alleged breach proximately caused her damages, or state the specific damages she suffered. Even liberally construing Plaintiff's contention that she suffered an injury from her private information being illegally placed on the National Criminal Information Center, she does not plead any facts which show that Defendant's letter proximately caused this injury. Therefore, Plaintiff's claims for negligence are dismissed for failure to state a claim.

### B) Section 1983 Claims

Plaintiff alleges various claims against Defendant Shankle in his official office which do not otherwise have a statutory basis. These claims are for "Breach of Sworn Oath," "Abuse of Authority," "Failure to Uphold the Law," "Misrepresentation," and "Unlawful Adjudication." (Doc. 1 at 5–6.) Liberally construed, these claims relate to actions Defendant allegedly took while under the color of law, and so the court will construe Plaintiff's claims as being brought under 42 U.S.C. § 1983.

In response to potential § 1983 claims, Defendant Shankle argues in his motion to dismiss that he is entitled to qualified immunity for his actions should the court liberally construe the Plaintiff's claims. (Doc. 11 at 7.) "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff

must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

Here, Plaintiff has failed to plead a constitutional or statutory right which Defendant violated by sending her a letter notifying her of her child's outstanding warrants. Plaintiff pleads that the Defendant failed to honor "due process, equal protection under the law, owning private property, and the prohibition of involuntary servitude" (Doc. 1 at 5); however, these are conclusory statements, and not properly pled facts. Moreover, Plaintiff's claims that Defendant engaged in misrepresentation when he sent the letter fail to assert a statutory or constitutional right which Defendant violated. While allegations of misrepresentation in the content of the letter may go to other civil claims, they are not remedied under § 1983. Similarly, Plaintiff's claims on false arrest, failing to uphold the law, and unlawful adjudication are unrelated to Defendant's activities. The letter attached as Exhibit A to Defendant's motion (Doc. 11-1) clearly shows that a warrant had been issued against W.R.W. by the Saline County District Court. The letter Defendant sent to Plaintiff merely provides notice of this fact and is unrelated to any claims which Plaintiff may have related to the underlying proceedings. Defendant's actions of sending notice to Plaintiff does not violate any statutory or constitutional right, and Plaintiff has failed to plead any additional facts which would give rise to this inference. Therefore, Plaintiff's five claims liberally construed as being brought under Section 1983 are dismissed.

**C) Defamation Claim**

Plaintiff brings a claim against Defendant Shankle for "Defamation of Character by publicly speaking and displaying defaming information and content regarding me and my child." (Doc. 1 at 6.) "The elements of defamation include false and defamatory words, communicated

to a third person, which result in harm to the reputation of the person defamed." *Marcus v. Swanson*, 317 Kan. 752, 755, 539 P.3d 605, 609 (2023) (citing *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 276, 50 P.3d 495 (2002)). This tort also includes a distinction between libel, which is a written defamatory statement, and slander, which is an oral defamatory statement. *Marcus*, 539 P.3d at 609. From her pleadings, it appears that Plaintiff is bringing both libel and slander claims against Defendant.

Regardless of whether the court evaluates the letter sent to Plaintiff as libel or slander, Plaintiff fails to plead the proper elements of defamation in her complaint. Even if the court were to accept Plaintiff's claim that the contents of the letter were false, Plaintiff fails to plead that this information was communicated to a third party, nor has she pled any specific harms to her reputation. Thus, Plaintiff's defamation claim must be dismissed for failing to plead the proper elements.

**D) Human Trafficking and Crimes Against Humanity Claims**

Plaintiff claims that Defendant engaged in human trafficking and crimes against humanity when he sent her the notice letter from the Saline County Sherriff's Office. As an initial matter, there is a federal private cause of action for victims of human trafficking in 18 U.S.C. §1595(a), including a private cause of action against those who facilitate trafficking ventures. However, to prevail on a civil claim under section 1595(a) against a facilitator of human trafficking, Plaintiff must plead facts which show Defendant (1) knowingly benefitted financially or received anything of value and (2) Defendant participated in a venture that defendant "knew or should have known has engaged in" human trafficking. 18 U.S.C. §1595(a). *See also J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1060 (D. Colo. 2021). "A plaintiff may satisfy these elements in one of two ways. She may show that the defendant's own acts, omissions, and state of mind establish each

element. Alternatively, she may impute to the defendant the acts, omissions, and state of mind of an agent of the defendant." *Id*.  Here, Plaintiff fails to allege any facts which show that Defendant Shankle received anything of value for sending his letter, nor does she plead any facts which show Defendant Shankle knew or should have known his actions related to human trafficking.  Thus, Plaintiff's human trafficking claims are dismissed.

In a similar way, there may be a valid civil claim against any perpetrators of crimes against humanity, but the extent to which courts recognize crimes against humanity is set by international law.  *Jesner v. Arab Bank, PLC*, 584 U.S. 241, 262 (2018).  "[F]ederal courts should not recognize private claims under federal common law for violations of any international law norm with less definite content and acceptance among civilized nations than [accepted] historical paradigms." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004).  "Like the pirates of the 18th century, today's torturers, slave traders, and perpetrators of genocide are *hostis humani generis*, an enemy of all mankind."  *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 647 (2021) (Sotomayor, J., concurring in part) (citation omitted).  However, nothing in Plaintiff's complaint plausibly pleads that Defendant Shankle engaged in torture, slavery, or genocide by sending a notice of outstanding warrant to Plaintiff.  As such, this claim must be dismissed.

## IV. Conclusion

Defendant's motion to dismiss (Doc. 11) is GRANTED.

IT IS SO ORDERED.  Dated this 21st day of August, 2025.

                                                      s/ John W. Broomes
                                                     JOHN W. BROOMES
                                                     UNITED STATES DISTRICT JUDGE